UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS P. COOK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNNAMED,<br><br>　　　　Defendant. | No. 14-cv-1809 AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner at Valley State Prison, has filed a document which purports to be an action under the False Claims Act, 31 U.S.C. §§ 3729-3733. ECF No. 1. Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4. Plaintiff includes several exhibits but his allegations are limited to a single page. He alleges that, upon learning that another individual had used his (plaintiff's) name and social security number "to file taxes," he notified the Internal Revenue Service of the fraud. The I.R.S. then proceeded to "recover[] all funds." ECF No. 1 at 1. Plaintiff asserts that he is eligible, under the False Claims Act, to receive from fifteen (15) to thirty (30) percent of the amount recovered by the I.R.S. Id.

　　　　Pursuant to 31 U.S.C. § 3729(a), a person may be held liable for, inter alia:

- Knowingly presenting, or causing to be presented, "a false or fraudulent claim for payment or approval"; or
- Knowingly making "a false record or statement material to a false or fraudulent claim"; or

1

1     • Knowingly making, causing, or causing to be made or used, "a false record or statement
2         material to an obligation to pay or transmit money or property to the Government. . . ."

3 Under 31 U.S.C. § 3730(b)(1), "[a] person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government." In order to proceed in such an action, plaintiff must serve upon the government "a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses…" pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. 31 U.S.C. § 3730(b)(2), n.1. The complaint must be filed in camera and is to remain under seal for a minimum of 60 days; it is not to be served upon the defendant until the court issues such an order. Id. Should the government proceed with the action, "it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action." 31 U.S.C. § 3730(c)(1). Under § 3730(d)(1), should the government proceed with the action brought by a person pursuant to subsection (b), that person will receive no less than 15 percent and no more than 25 percent of the action's proceeds or of the claim's settlement. Certain circumstances would reduce the person's award to no more than ten percent. See id.

Plaintiff has failed to conform with the requisite procedures for proceeding under the False Claims Act. Moreover, plaintiff has not named any defendant.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")). The undersigned can discern no manner in which the

////

////

////

defects of the complaint could be cured by amendment.  This action, therefore, calls for summary dismissal.

Accordingly, IT IS ORDERED that this case is summarily dismissed.

DATED: October 17, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE